Loring-, J.,
dissenting:
I think the case proved here, and stated in the petition, is, that the premises for which rent is claimed were taken possession of by the military authorities at Memphis, for hospital purposes, on the 1st of February, 1863; and that they were continuously used for those purposes till the 23d of May, 1865, when the United States left them, and surrendered them to the claimant who owned them; that, during such occupation, they were held without rent till February 1,1864; that then the *461 military authorities contracted with the claimant to pay him $125 per month, and on November 1,1864, $250 per month.
Now, whether the original taking possession was the’ capture of enemy’s property or the taking of private property for public use by the United States, by their exercise of their right of eminent domain, it was, in either case, lawful, and vested in the United States a legal title, and a right of possession under that title, for so long as they pleased; and Such title and right of possession were as absolutely vested in the United States, by such capture or taking, as in any case the fee or any other estate could have been by deed.
And I think that while the United States had such title and were holding under it, it was not competent for any military officer to divest them of it, and substitute for it a different title, and a tenure under a contract by lease rendering rent.
If the property was seized as enemy’s property during war, the United States had a right to hold it as such, and without rent, while the war continued; and they abandoned it before the war ended.
If it was, as I think it was, a taking of private property for public use, then the United States would be liable for an indemnity; but the military officers could not fix that indemnity, nor substitute for it an annual rent fixed by them.
And, therefore, I think that the contracts for rent made during the war, and while the property was in the use and needed for the purposes for which it was originally taken, were made without authority and are void, and are to be laid out of the case; so that it remains on the original taking a mere case of capture or an appropriation by the Army, made under the authority of the United States, and so within the statute.
On the whole case I think the defendants are entitled to judgment.
Nott, J., concurred in the. opinion of the court only as to the right of the claimant to recover for the rent of the premises.
Milligan, J., concurred in the opinion of the court only as to the right of the claimant to recover for the repairs upon the buildings.